Louis S. Ederer
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

RCRV, INC. d/b/a ROCK REVIVAL,

                Plaintiff,

        - against -

AMERICAN BLUES COMPANY INC., XYZ
COMPANIES 1-10, and JOHN AND JANE
DOES 1-10,

                Defendants.

------------------------------------------------------- x

Civil Action No. 14 CV 1646

**COMPLAINT**

RECEIVED
MAR 10 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV" or "Plaintiff"), by and through its

undersigned counsel, complains of Defendant American Blues Company Inc. ("ABC"), XYZ

Companies 1-10, and John and Jane Does 1-10 (collectively "Defendants"), and alleges as

follows:

## NATURE OF THE ACTION

1.     Plaintiff seeks injunctive relief and damages for acts of trademark infringement,

false designation of origin and unfair competition, engaged in by Defendants in violation of the

laws of the United States and the State of New York.

2.     In particular, this case concerns Defendants' willful infringement of Plaintiff's

INVERTED FLEUR-DE-LIS DESIGN Trademark, one of Plaintiff's most distinctive and

popular designs used on and in connection with its highly successful line of ROCK REVIVAL

brand jeanswear products.  After substantial resources had been expended by Plaintiff promoting

and selling jeanswear products bearing such design, and after consumers had come to recognize

such design and associate it exclusively with Plaintiff, Defendants introduced jeanswear products

under the "Rose Royce" brand name with virtually identical and/or confusingly similar back

pocket designs that are clearly intended to call to mind the ROCK REVIVAL brand.  This

conduct was undertaken without Plaintiff's consent, and was deliberately engaged in by

Defendants deliberately so that they could compete directly with Plaintiff and siphon off sales

from its popular ROCK REVIVAL jeanswear lines.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Plaintiff's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051

*et seq.*, and substantial and related claims under the common law of the State of New York.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§

1391(b) and (c) and 1400(a), because Defendants are either subject to personal jurisdiction

within this judicial district, and/or because a substantial part of the events giving rise to

Plaintiff's claims occurred within this judicial district.

## THE PARTIES

5.      Plaintiff RCRV is a corporation duly organized and existing under the laws of the

State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los

Angeles, California 90058.

6.      Upon information and belief, Defendant ABC is a corporation organized and

existing under the laws of the State of New York, having its principal place of business located at

2

1407 Broadway, Suite 907, New York, New York 10018.  Upon further information and belief,
ABC is responsible for manufacturing, designing, creating, importing, exporting, distributing,
advertising, promoting, offering for sale and/or selling the infringing products at issue in this
action.

7.      Upon information and belief, Defendant ABC is acting in conjunction with
various Defendant XYZ Companies, denoted here as Defendant XYZ Companies 1-10, and John
and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties
become known, Plaintiff will amend the Complaint to include the names of these additional
corporations and individuals.

### RCRV'S BUSINESS

8.      RCRV manufactures, promotes, sells and distributes high-quality jeanswear and
denim products throughout the United States, including in this judicial district, under the ROCK
REVIVAL brand name.

9.      ROCK REVIVAL brand jeanswear is sold at retail by such well-known fashion
chain stores and department stores as The Buckle and Nordstrom, both in-store and online.
ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly
competitive jeanswear market.  Among the many elements that distinguish ROCK REVIVAL
jeanswear from its competitors are a series of design elements embroidered onto the jeans that
are used exclusively on ROCK REVIVAL jeanswear, and which have come to identify RCRV as
the source of such products.

### RCRV'S INVERTED FLEUR-DE-LIS DESIGN MARK

10.      In March 2006, RCRV's predecessor introduced a distinctive inverted fleur-de-lis
design embroidered onto the rear pocket of its jeans (the "INVERTED FLEUR-DE-LIS
DESIGN Trademark"), a new and unique design that was unlike anything used before in the

jeanswear industry.  Given its innovative design characteristics, the INVERTED FLEUR-DE-LIS DESIGN is an inherently distinctive identifier that became associated with ROCK REVIVAL brand jeanswear products.  Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR-DE-LIS DESIGN on jeanswear products since March 2006, to the point where the INVERTED FLEUR-DE-LIS DESIGN has become the signature design of RCRV's buisness.

11.    The INVERTED FLEUR-DE-LIS DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,248,371, registered on November 27, 2012 on the Principal Register, for jeans.  RCRV's trademark registration for the INVERTED FLEUR-DE-LIS DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the INVERTED FLEUR-DE-LIS DESIGN Trademark along with a photograph of the INVERTED FLEUR-DE-LIS DESIGN as used by RCRV on its ROCK REVIVAL line of jeanswear products is attached hereto as Exhibit A.

12.    RCRV products bearing the INVERTED FLEUR-DE-LIS DESIGN are distributed and sold in over 900 stores worldwide, including retailers such as Nordstrom and The Buckle.  In addition, products bearing the INVERTED FLEUR-DE-LIS DESIGN are sold on-line through RCRV's official ROCK REVIVAL brand website, www.rockrevival.com, and through websites affiliated with RCRV's authorized retail department stores, including The Buckle and Nordstrom.

13.    In the United States, sales of RCRV's products featuring the INVERTED FLEUR-DE-LIS DESIGN have been rapidly increasing over the past few years.  For example, sales of products bearing the INVERTED FLEUR-DE-LIS DESIGN exceeded $4 million in 2008, $20 million in 2009, $30 million in 2010, $50 million in 2011, and $60 million in 2012.

14.     Moreover, RCRV and its predecessor have consistently promoted the INVERTED FLEUR-DE-LIS DESIGN as an indicator of source for ROCK REVIVAL jeans, and RCRV has expended substantial amounts of money promoting the INVERTED FLEUR-DE-LIS DESIGN as an indicator of source for its goods.  In particular, over the last five plus years, the INVERTED FLEUR-DE-LIS DESIGN has enjoyed coverage in leading mainstream and fashion publications in the United States.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth most searched-for denim brand in its April 2009 edition and November 2009 edition focusing on jeanswear rear pocket designs.

15.     The INVERTED FLEUR-DE-LIS DESIGN is featured on the rear pocket of nearly all RCRV jeanswear products and RCRV's retail customers consistently recognize the INVERTED FLEUR-DE-LIS DESIGN as RCRV's "signature" and/or "trademark."

16.     Further, celebrities have repeatedly been seen wearing RCRV jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN, creating millions of commercial "impressions" of the design, including Steven Tyler, lead singer of the famous rock band Aerosmith, in *Rolling Stone* magazine; the Oscar winning actress, Halle Berry, in *US Weekly*; Teri Hatcher on the popular television show *Desperate Housewives*; a finalist on the then-number one rated television show *American Idol*, Casey James; and former National Football League star, and *Dancing With The Stars* winner, Hines Ward.

17.     Accordingly, in addition to being, in and of itself, inherently distinctive, the INVERTED FLEUR-DE-LIS DESIGN Trademark has, through extensive sales, promotion and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the exclusive source of such products.  As a result of RCRV's broad media exposure, and the uninterrupted and continuing promotion and sale of ROCK REVIVAL jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, the design has acquired distinctiveness, and has developed a

strong secondary meaning among consumers and the trade, immediately identifying RCRV as the exclusive source of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, and signifying goodwill of incalculable value.

## DEFENDANTS' INFRINGING CONDUCT

18.     Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of the association of the INVERTED FLEUR-DE-LIS DESIGN Trademark with RCRV, as well as RCRV's exclusive right to use such mark and the goodwill associated therewith.

19.     Upon information and belief, Defendants are currently, and at all times relevant hereto have been engaged in the business of designing, creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling jeanswear products.

20.     Upon information and belief, Defendants are designing, creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, or causing to be designed, created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from RCRV, jeanswear products under the "Rose Royce" brand name bearing designs that are confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark (the "Infringing Designs").

21.     Photographs of the inverted fleur-de-lis designs used by Defendants on their "Rose Royce" jeanswear products, which are confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, are attached hereto as Exhibit B.  A photographic comparison of RCRV's INVERTED FLEUR-DE-LIS DESIGN and examples of certain of the Infringing Designs being used by Defendants is set forth below:

6



| RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark | Defendants' Infringing Designs |
|---|---|

22.     Upon information and belief, Defendants have created, distributed, supplied, advertised, promoted, offered for sale and/or sold, or caused to be created, distributed, supplied, advertised, promoted, offered for sale and/or sold, jeanswear products bearing the Infringing

Designs to retail outlets throughout the United States, including outlets located in this judicial district.

23.     Rather than going to the effort and expense of developing and creating their own unique, source-identifying designs, Defendants have deliberately, knowingly and faithfully knocked off RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark.  As a result, the jeanswear products bearing the Infringing Designs are likely to cause consumers, either at the point-of-sale or in the post-sale environment, to believe that products bearing the Infringing Designs are authorized, sponsored, approved, endorsed or licensed by RCRV, or are in some other way affiliated, associated, or connected with RCRV.

24.     Upon information and belief, Defendants were aware that RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark is a well-known design of RCRV at the time they began using the Infringing Designs on their "Rose Royce" jeanswear products.  Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for RCRV's rights in the INVERTED FLEUR-DE-LIS DESIGN Trademark.

25.     Upon information and belief, Defendants intend to continue to design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

26.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark to identify RCRV as the exclusive source of goods to which it is affixed.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

27.     The allegations set forth in paragraphs 1 through 26 hereof are adopted and

incorporated by reference as if fully set forth herein.

28.    By the acts alleged herein, Defendants are using marks that are confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and have infringed, and continue to infringe, the INVERTED FLEUR-DE-LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

29.    Upon information and belief, Defendants' use of marks that are confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such Infringing Designs, or as to a possible affiliation, connection or association between RCRV and Defendants' "Rose Royce" jeanswear line.

30.    Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

31.    Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

32.    Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

33.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

34.    Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35.     The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

36.     Upon information and belief, Defendants' use of marks that are confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and such products.

37.     Defendants' conduct as aforementioned constitutes a willful false designation of the origin of the products bearing the Infringing Designs, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

38.     Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products as aforesaid, unless restrained by this Court.

39.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

40.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

41.     The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42.     By deliberately designing, manufacturing, importing, exporting, distributing, supplying, promoting, advertising, offering for sale and/or selling jeanswear products bearing the

Infringing Designs, Defendants are deceptively attempting to "pass off" their products as those of RCRV, or as somehow related to or associated with, or sponsored by or endorsed by, RCRV, thereby exploiting RCRV's reputation and goodwill in the marketplace.

43.     Defendants' acts and conduct are likely to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing the Infringing Designs, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and Defendants' products bearing the Infringing Designs, in violation of RCRV's rights under the common law of the State of New York.

44.     Upon information and belief, by their actions, Defendants intend to continue their unfairly competitive acts, unless restrained by this Court.

45.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

46.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

47.     The allegations set forth in paragraphs 1 through 46 hereof are adopted and incorporated by reference as if fully set forth herein.

48.     The aforesaid conduct of Defendants constitutes willful trademark infringement under the common law of the State of New York.

49.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

50.     Upon information and belief, by their willful acts, Defendants have made and will

continue to make substantial profits and gains to which they are not in law or equity entitled.

51.    Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RCRV demands judgment against Defendants as follows:

1.    Finding that, (i) as to Count 1, Defendants engaged in willful trademark infringement in violation of 15 U.S.C. § 1114; (ii) as to Count 2, Defendants engaged in willful false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (iii) as to Count 3, Defendants engaged in willful unfair competition in violation of the common law of the State of New York; and (iv) as to Count 4, Defendants engaged in willful trademark infringement in violation of the common law of the State of New York.

2.    That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)    Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling any products which bear the Infringing Designs, or any other designs confusingly similar in overall appearance to RCRV's INVERTED FLEUR DE LIS DESIGN Trademark, and engaging in any other activity constituting an infringement of any of RCRV's rights in and to the INVERTED FLEUR DE LIS DESIGN Trademark; and

(b)    engaging in any activity constituting unfair competition with RCRV, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with RCRV.

3.      That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, designed, created, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold by RCRV, have been authorized by RCRV, or are related to or associated in any way with RCRV or its products.

4.      That Defendants be required to recall all products, and any advertising and promotional materials, which bear the Infringing Designs, and thereafter to deliver up for destruction all such products and advertising and promotional materials, and any means of making such items.

5.      That Defendants be directed to file with the Court and serve upon RCRV, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 2 through 4 above.

6.      That the Court award RCRV (i) Defendants' profits and/or RCRV's damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (ii)  Defendants' profits, and/or RCRV's actual damages and/or punitive damages as provided under the common law of the State of New York; and (iii) RCRV's attorneys' fees and litigation-related expenses incurred herein.

7.      That RCRV be awarded punitive damages under the common law of the State of New York.

8.      That RCRV be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

9.     That RCRV be awarded such additional and further relief as the Court deems just

and proper.

Dated: New York, New York                    ARNOLD & PORTER LLP
       March 10, 2014

                                    By:    _____
                                           Louis S. Ederer
                                           louis.ederer@aporter.com
                                           Matthew T. Salzmann
                                           matthew.salzmann@aporter.com
                                           399 Park Avenue
                                           New York, New York 10022
                                           Phone (212) 715-1000
                                           Fax (212) 715-1399

                                           *Attorneys for Plaintiff RCRV, Inc. d/b/a
                                           Rock Revival*

14

# EXHIBIT A

## United States of America
### United States Patent and Trademark Office



**Reg. No. 4,248,371**
**Registered Nov. 27, 2012**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

RCRV, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA STREET
LOS ANGELES, CA 90058

FOR: APPAREL, NAMELY, JEANS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-23-2005; IN COMMERCE 3-17-2006.

THE MARK CONSISTS OF A THREE-DIMENSIONAL DESIGN FEATURE CONSISTING OF A STYLIZED INVERTED FLEUR DE LIS DESIGN STITCHED ON THE BACK POCKET OF A JEANS PRODUCT, DEPICTED IN THE DRAWING AS A SOLID BLACK LINE. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-330,951, FILED 5-26-2011.

MARK SPARACINO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

#:6106



# EXHIBIT B







